IMMANUEL EVANGELICAL AND REFORMED CHURCH OF SALEM TOWNSHIP, Tax Exemption, In re.

Board of Tax Appeals.

No. 40710.  Decided October 14, 1959.

**OPINION**

This cause and matter come on to be heard and considered by the Board of Tax Appeals upon an application filed herein under date of July 25, 1959, by Immanuel Evangelical and Reformed Church of Salem Township for the exemption from taxation for the tax year 1959 of a parcel of real property in Range 3, Township 3, Section 19, Salem Township, Monroe County, Ohio; the same being a parcel having a frontage of 405.83 feet and a depth of 486 feet, comprising 3.97 acres of land.

This cause was submitted to the Board of Tax Appeals upon said application and the facts therein stated and upon evidence offered and introduced on the hearing upon the application before the Board.

From the facts of the case as thus submitted it appears that for eighty years or more the applicant under its present corporate name and its former name as an unincorporated society known as Immanuel Evangelical and Reformed Church, has owned and occupied for purposes of public worship a church building, and ground thereto attached, on Front Street in the Village of Clarington on the Ohio River, in said township and county; and that it is now a church organization or society of about 190 regular members. It further appears that for something more than a year last past the State Highway Department has had under consideration a project for the relocation of State Route 7 in the Village of Clarington; and for this purpose, the highway department will be required to acquire and take over the present property of the applicant on Front Street in said village. In anticipation of this action on the part of the State Highway Department the applicant, under date of July 8, 1958, acquired, by purchase, the above described 3.97 acres of vacant and unimproved land; which parcel of land is outside of the corporate limits of the Village of Clarington and is about three-fourths of a mile north of the applicant's present church property on Front Street in said village. This parcel of land was acquired by the applicant as the proposed site of a church building and a parsonage building to be erected thereon after its property in the village has been taken over on the relocation of State Route 7.

The only improvement that has been made on this parcel of vacant land since its acquisition by the church in July 1958, has been made as a donation, so to speak, by a road contractor who in improving or reconstructing State Highway No. 556, nearby, had to remove and dispose of a large amount of earth in making certain cuts in said highway. And inasmuch as certain areas of this parcel of land required a fill in order to bring this part of the land up to the level of the other parts of the parcel, the contractor was permitted to deposit a considerable amount of earth material where it would do the most good for this purpose. The only action that has been taken by the church with respect to the proposed erection of a church building on this parcel of land was a conference by some of the members of the church council with one Dr. Scottford, who has some reputation as a church building consultant, with respect to the size and type of church building to be constructed. It does not appear that any very definite conclusions were reached in regard to the matter. And it appears that the erection and construction of the proposed church building is something that lies in the more or less indefinite future; as to which the evidence indicates that the State Highway Deparment will probably take over the present church property of the applicant in the Village of Clarington sometime late in the year 1959 or early in the year 1960 and that the new church building will probably be erected sometime late in the year 1960.

The question whether the above described parcel of land is entitled to exemption from taxation for the year 1959 depends upon the con-

struction to be given to applicable provisions of §5709.07 R. C., which statutory provisions were enacted pursuant to the authority given to the legislature by Section 2, Article XII, Ohio Constitution. The above noted Section of the Constitution provides, among other things, that general laws may be passed to exempt from taxation "houses used exclusively for public worship." The applicable provisions of §5709.07 R. C., read as follows:

"* * * houses used exclusively for public worship, the books and furniture therein, and the ground attached to such buildings necessary for the proper occupancy, use, and enjoyment thereof, and not leased or otherwise used with a view to profit, * * * shall be exempt from taxation."

As to this, it definitely appears that in July 1958, the applicant acquired this parcel of land as a site for a church building and for a parsonage building to be erected on this land. But, as above noted, neither of these buildings has been erected and it is probable that they will not be erected and completed until late in the year 1960 after the State Highway Department has taken over the property of the applicant on Front Street in the Village of Clarington where the church congregation is now worshipping and where it will continue to worship until this property is acquired for the use of the highway department. With respect to the construction and application of the provisions of §5709.07 R. C., it is noted that according to the orthodox and long recognized view as to the exemption from taxation of privately owned property, real or personal, where the right of such property to exemption is conditioned on its use for a particular purpose, the use required for such exemption is a present use for the stated purpose at the time the application for the tax exemption of the property is made; and the prospective use of the property for an exemptible purpose does not warrant its present exemption from taxation. (Jones, Treas., v. Conn et al, Trustees, 116 Oh St 1; The Incorporated Trustees of the Gospel Worker Society v. Evatt, Tax Commr., 140 Oh St 185; The Ursuline Academy of Cleveland v. Board of Tax Appeals, 141 Oh St 563; Welfare Federation of Cleveland v. Glander, Tax Commr., 146 Oh St 146, 147 [syl. 4], 175; Western Reserve Academy v. Board of Tax Appeals, 153 Oh St 133, 135.)

In consideration of this application for tax exemption on the facts here presented, we are required to take cognizance of the recent decision of the Supreme Court in the case of Carney, Aud., v. Clveland City School District Public Library, 169 Oh St 65. The decision of the court, so far as the same is indicated by the syllabus in the report of the case, is as follows:

"Where an entity, which under the law is entitled to have its property exempted from taxation, acquires real property with the intention of devoting it to a use exempting it from taxation, such property is entitled to be exempted from taxation, as long as it is not devoted to nonexempt or commercial use, even though actual physical use of the property for the exempt purpose has not yet begun. (Orthodox Hebrew Board of Education v. Tax Commissioner, 155 Oh St 380, overruled.)"

In appraising the language of this syllabus in determining its application, if any, to the facts of this case, we note that Rule VI of the Supreme Court provides:

"In each cause a syllabus of the points decided by the Court shall be stated in writing by the Judge assigned to prepare the opinion of the Court. Such syllabus shall be confined to the points of law arising from the facts of the cause as determined by the Court."

Inasmuch as this Rule, in providing for the preparation of a syllabus on the points of law decided by the court in the particular cause submitted to it, states that such syllabus "shall be confined to the points of law arising from the facts of the cause as determined by the Court," the Rule is in itself, a limitation on the authority of the syllabus in other cases where the facts may be essentially different. And in this view the Supreme Court has held:

"The syllabus of a decision of the Supreme Court of Ohio definitely states the law of Ohio with reference to the facts upon which it is predicated, and must be read in view of the facts found in such case." **The Baltimore & Ohio Rd. Co. v. Baillie et al, 112 Oh St 567;**

"The syllabus of a decision of the Supreme Court of Ohio states the law of Ohio, but such pronouncement must be interpreted with reference to the facts upon which it is predicated and the questions presented to and considered by the Court." **The Williamson Heater Co. v. Radich et al., 128 Oh St 124; Laube v. Prudential Ins. Co., 147 Oh St 450, 456; State v. Nickles, 159 Oh St 353, 359.**

And in this connection, it has been said that the syllabus in the case "cannot be construed any broader than the facts of the case would warrant." **Ginn, Admr. v. Dolan, 81 Oh St 121, 129;** The Williamson Heater Co. v. Radich, supra. In the case of **McGilvery v. Shadel, 87 Oh Ap 345, 351,** the court said:

"It is pertinent to this discussion to call attention to the established rule in Ohio that the syllabus of a case decided by the Supreme Court of Ohio states the law of that particular case. This rule was adopted in 1858. 5 Oh St v; 94 Oh St ix, and reporter's note.

"It may be observed further that the rule of law stated in the syllabus of a case decided by the Supreme Court, or where reliance is placed on language found in the court's opinion, the law thus announced may not be subsequently applied and construed beyond the area limited by the particular facts in each case."

In the case of Carney, Aud. v. Cleveland City School District Public Library, supra, the question involved was as to the exemption from taxation for the tax year 1958 of a parcel of land and a building thereon which had been formerly occupied and used in the publication of a newspaper. The property was acquired by the Cleveland City School District Public Library on December 23, 1957, for the purpose of an expansion of the library. However, there were numerous structural changes and alterations in the building necessary before it would be ready for library use. It appeared that, although the Cleveland City School District Public Library was the owner of this property on tax lien day in the year 1958, it had not started the alterations thereon and was not actually using the building as a library facility on that day. The court held that inasmuch as the public library owned and held this property on tax lien day for public library purposes, and for no other

purpose, the same was entitled to exemption from taxation for the tax year 1958 although, as above stated, the property was not then being actually used for library purposes.

Consistently with the above noted rules relating to the construction to be placed upon a decision of the Supreme Court as indicated by its syllabus in the case, and limiting the authority of the principle of law therein stated in other cases where the facts of the case may be essentially different, the principle of law stated in the syllabus in the Cleveland City School District Public Library case, supra, applies in like cases with respect to the exemption of public property to be used for public purposes under the provisions of §5709.08 R. C. **City of Cleveland v. Carney, Aud., 169 Oh St 259.** And this is true notwithstanding the long recognized view of the courts that exemption from taxation extends to only such public property as is actually used and employed for public purposes at the time the exemption of such property is sought. **City of Cincinnati v. Lewis, Aud., 66 Oh St 49, 55, 56; Columbus Metropolitan Housing Authority v. Thatcher, Aud., 140 Oh St 38; Pfeiffer et al, Trustees of Akron Public Library v. Jenkins et al, Board of Tax Appeals, 141 Oh St 66, 69; American Committee of Rabbinical College v. Board of Tax Appeals, 148 Oh St 654.**

However, we are of the view that there is an obvious difference with respect to a question such as that here presented between property that is owned by the public and that which is privately owned and held. This fact is recognized by the court in its opinion in the case of **Board of Education of City School District of City of Cincinnati v. Board of Tax Appeals, 149 Oh St 564, 568,** wherein it is said:

"In the opinion of this court, a distinction must be made in the exemption of private property which is ultimately used for a charitable purpose and property purchased by public authorities for a public purpose and being prepared to serve the public use."

Upon the considerations above noted it follows that the parcel of land described in the application for tax exemption filed herein is not entitled to such exemption for this tax year. Moreover, wholly aside from any limitation as to the application and authority of the principle of law stated in the syllabus in the decision of the court in the Cleveland City School District Public Library case, supra, with respect to the question presented in this case, the rule of law stated in the syllabus in the above cited case applies only to an institution or "entity," "which under the law is entitled to have its property exempted from taxation." Under the provisions of §5709.07 R. C., the only property of a religious society or church organization, such as the applicant in this case, is entitled to have exempted from taxation under any circumstances as to use, is a **house** used exclusively for public worship, the books and furniture therein, and the ground attached to such building necessary for the proper occupancy, use, and enjoyment thereof.

It follows therefore that inasmuch as there is no church building or "house" on the parcel of land described in this application for tax exemption, such application must be, and hereby is, denied.

I hereby certify the foregoing to be

a true and correct copy of the action of the Board of Tax Appeals of the Department of Taxation this day taken with respect to the above matter.

Ronald R. Calhoun,

SECRETARY